UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| Annousa Senouthai, | : | |
| Debtor. | : | Bankruptcy No.  15-15396-MDC |
| _____ | | |
| Virakone Mekhsavanh, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Adversary No.  15-00425-MDC |
| Anousa Senouthai, *et al.*, | : | |
| Defendants. | : | |

# **MEMORANDUM**

Before the Court for consideration is the Motion to Withdraw as Defendants' Counsel ("Motion"), filed by Thomas F. Crawford, Esquire ("Crawford"), counsel for defendants Anousa Senouthai and Ratsamy Senouthai (collectively referred to as the "Senouthais"). Mr. Crawford seeks to withdraw as special counsel for the Senouthais in this adversary matter as a result of an irreconcilable conflict. For the reasons discussed below, the Court will grant the motion.

**BACKGROUND**

On October 5, 2015, Plaintiffs commenced an action against the Senouthais seeking, among other things, a judgment declaring certain debts owed the Plaintiffs non-dischargeable, and a judgment declaring that the Senouthais are liable to Plaintiffs for those debts. Crawford entered his appearance on behalf of the Senouthais on November 16, 2015, and filed an Answer to the Plaintiffs' Complaint. Thereafter, the parties engaged in discovery. On March 15, 2016, Crawford filed the Motion seeking to withdraw as counsel because (1) the Senouthais failed to pay their bill for legal costs and services, (2) there were irreconcilable differences between the Senouthais and Crawford regarding the manner and strategy of defense, and (3) there were certain other unnamed irreconcilable differences between the Senouthais and Crawford.

On April 12, 2016, the Court held a hearing on the Motion. At the hearing, Crawford stated that he was seeking to withdraw due to the Senouthais' failure to pay legal fees, and their failure to maintain contact with counsel. The Senouthais did not appear at the hearing. At the close of the hearing, however, Crawford advised the Court that agreed upon depositions were scheduled to occur on June 2, 2016, June 7, 2016, and June 9, 2016. As a result, this Court requested that Crawford submit a Letter Brief in support of the Motion ("Letter Brief") by April 19, 2016, to address whether withdrawal would result in any harm or prejudice to the Senouthais. On April 28, 2016, Crawford submitted his Letter Brief. The Senouthais did not respond to the Letter Brief.

**DISCUSSION**

Pennsylvania Rule of Professional Conduct 1.16(b) governs when counsel may withdraw from representing a client. In relevant part, it allows counsel to withdraw if "withdrawal can be accomplished without material adverse effect on the interests of the client; … the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or other good cause for withdraw exists. Pa. RPC 1.16(b).

Based upon a review of the Letter Brief and the arguments presented by Crawford, it appears that Crawford's request satisfies the requirements of Pa. RPC 1.16(b). Crawford's withdrawal will not have a material adverse effect on the Senouthais' interests. As early as February 18, 2016, the Senouthais were on notice that Crawford would be moving to withdraw his appearance. On that date, Crawford met with the Senouthais to discuss their unpaid fees and Crawford's continued representation. At that meeting the Senouthais advised Crawford that they did not have the means to pay the outstanding $5,000 in legal fees due, and to pay future legal fees. At that time, Crawford made it clear that he would be withdrawing as counsel, and the Senouthais did not object. They did not object to his withdrawal at that time, and have not submitted any objection to this Court. *See, e.g., Commonwealth v. Sweeney*, 533 A.2d 473, 479 (Pa. Super. 1987) (relying upon client's silence to infer client's consent to withdrawal).

Crawford's continued representation of the Senouthais will result in an unreasonable financial burden on him. The Senouthais owe Crawford over $5,000 in unpaid legal fees. In addition, Crawford's

representation has been rendered unreasonably difficult by the Senouthais. The Senouthais failed to respond to Crawford's attempts to communicate with them, and changed interpreters without notifying Crawford, which left him without means to contact the Senouthais.

**CONCLUSION**

Based on the above, the Court will grant the Motion. Crawford's withdrawal will not have a material adverse effect upon the Senouthais. Rather, continued representation of the Senouthais will result in an unreasonable financial burden on Crawford. An appropriate Order granting Crawford's request to withdraw will be entered.

Dated: July 7, 2016

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Christopher A. Bradley, Esquire
Swain Law Firm, P.C.
2410 Bristol Road
Bensalem, PA  19020

Thomas F. Crawford, Esquire
1361 Taylor Drive
Langhorne, PA  19047

Courtroom Deputy
Eileen Godfrey